UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA WILER,<br><br>   Plaintiff,<br><br>   v.<br><br>FALMOUTH, MASS. POLICE DEPARTMENT, et al.,<br><br>   Defendants. | Civil Action No. 1:20-11413-JCB |

**ORDER**

BOAL, U.S.M.J.

  On July 24, 2020, an individual identifying herself as Laura Wiler filed an unsigned *pro se* complaint [ECF #1] against the Falmouth, Massachusetts Police Department and the Town of Falmouth. She alleges the defendants violated her Fourth Amendment rights by harassing and stalking her for several weeks. Within the complaint, Wiler "requests assistance from the court in the form of legal representation in the matter." Compl. ¶ 8. Wiler also filed a motion [ECF #2] in which she "requests the court costs and any costs associated with this matter be waved [sic] as she asserts she is indigent and has no resources." Mot. at 1. In the same motion, she "requests to continue in this matter by pseudonym as she fears negative consequences (as she has already experienced) for preceding with this matter in the court system." *Id.* Although unclear from the plaintiff's filings, the Court assumes that "Laura Wiler" is a pseudonym.

  Upon review of Wiler's filings, the Court hereby orders:

  1. The request for "legal representation" is DENIED without prejudice. The Court cannot provide legal advice to litigants. In limited circumstances, the Court appoints *pro bono*

counsel for an indigent litigant, but appointment of counsel is not merited at this juncture of Wiler's case. As set forth below, the filing fee has not been resolved. Further, if Wiler is later permitted to proceed *in forma pauperis*, the Court will conduct a substantive review of her complaint prior to allowing summonses to issue. Wiler may file a renewed motion for counsel when the filing fee is resolved, summonses issue, and the defendants have responded to the complaint.

   2. The request for a waiver of the filing fee and costs is DENIED without prejudice. A person seeking leave to proceed "without prepayment of fees" must submit "an affidavit that includes a statement of all assets such [person] possesses," showing that "the person is unable to pay such fees." *See* 28 U.S.C. § 1915(a)(1). Here, Wiler's unsigned, one-sentence statement concerning her financial circumstances does not meet this requirement. An affidavit must be signed with a statement or declaration "under penalty of perjury that the [affidavit] is true and correct." 28 U.S.C. § 1746; *see also Rowland v. California Men's Colony*, 506 U.S. 194, 205 (1993) ("The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own . . . ."). Wiler's motion does not include a signature. Further, Wiler's motion does not show how she is able to access the basic necessities of life.

   If Wiler wishes to pursue this action, she must, within thirty-five days, either (1) file a completed and signed Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), and, as necessary supplement the Application with any other relevant information about her financial situation; or (2) pay the $400 filing fee. Failure to do so may result in dismissal of this action without prejudice. The Clerk shall provide Wiler with an Application.

   3. Wiler's request to proceed under a pseudonym is also DENIED without prejudice.

As a general matter, parties may not litigate their disputes anonymously. *See* Fed. R. Civ. Proc. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number."); Fed. R. Civ. Proc. 17(a) ("An action must be prosecuted in the name of the real party in interest."). "[A]nonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). "Nevertheless, permitting a party to proceed anonymously may be warranted in exceptional circumstances, such as matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 161 (D. Mass. 2013).

Here, Wiler has not presented the type of exceptional circumstances that warrant permission to proceed anonymously. The defendants are entitled to know Wiler's true identity (or at least the identity by which they know her) so they can respond to her claims. To the extent Wiler fears "negative consequences" by unidentified third parties, she has not shown that proceeding under her real name would pose a real danger of injury.

SO ORDERED.

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

DATED:  August 21, 2020